IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. |
| **$79,057.00 in U.S. CURRENCY,** | : |
| Defendant. | : |

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against United States currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

### THE DEFENDANTS *IN REM*

2. The defendant property consists of $79,057.00 in U.S. Currency (hereinafter, the "Defendant Property").

3.  The Defendant Property was seized from Jason Dwayne Lemmon on October 22, 2012, pursuant to a traffic stop on northbound Interstate 95 in Harford County, Maryland. The Defendant Property subsequently was placed in the custody of the Department of Homeland Security in the District of Maryland where it remains.

## JURISDICTION AND VENUE

4.  Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5.  This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the Defendant Property is located in this district.

## BASIS FOR FORFEITURE

7.  The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Robert J. Mignogna, Task Force Officer for Homeland Security Investigations, which is incorporated herein by reference.

**WHEREFORE**, THE Plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the Defendant Property;

3. That Judgment of Forfeiture be decreed against the Defendant Property;

4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the Defendant Property according to law;

5. That the Plaintiff have such other and further relief as the case may require.

Dated: September 17, 2013

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

_____
Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

## **DECLARATION**

This affidavit is submitted in support of a complaint for forfeiture of $79,057.00 in United States currency.

I, Robert J. Mignogna, Task Force Officer (TFO) assigned to Homeland Security Investigations, submit that there are sufficient facts to support a reasonable belief that the $79,057.00 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841, and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. On October 22, 2012, Maryland State Police Trooper White, stopped a Silver 1999 Honda, Acura displaying Virginia registration WZA-1768 (the "Vehicle") on northbound I-95 in Harford County, Maryland for speeding.

b. The driver of the Vehicle presented a New Jersey Driver's License that identified him as Dajon C. Wash, DOB 5/13/1991. The photograph and physical description on the license did not appear to match the driver. When questioned by Trooper White about the discrepancy, the driver produced a second License that he retrieved from his shoe. This license, issued by the State of South Carolina, identified him as Jason Dwayne Lemmon, DOB 8/22/1973, (hereinafter referred to as Lemmon).

c. Lemmon reported that he was on supervised probation in the State of Virginia and was not permitted to leave the state. He further stated that he was on his way to New Jersey to attend a funeral.

1

2

d. Trooper White requested and obtained verbal and written consent from Lemmon to search the Acura.

e. During a consent search of the Vehicle, Trooper White located a plastic bag in the trunk that contained multiple bundles of U.S. currency that was wrapped in rubber bands.

f. Lemmon initially denied all knowledge and ownership of the currency.

g. The total amount of currency recovered ($79,057.00), the method of transportation and packaging of the currency was consistent with that commonly found on those involved in drug trafficking and money laundering organizations.

h. A K-9 scan of the currency was performed in a controlled environment at the JFK Barrack and resulted in a positive alert for the presence of narcotics.

i. During an interview with Trooper White Lemmon provided an address of 113 McConville Road, Lynchburg, VA 24501. Lemmon reported that he was being paid $700.00 to transport the currency to New Jersey.

j. A criminal history check revealed that Lemmon was arrested in 2004 in Lynchburg, VA for narcotics related offenses.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND STATE POLICE, IN REFERENCE TO THE SEIZURE OF $79,057.00 IN UNITED STATES CURRENCY, ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
Robert J. Mignogna
Task Force Officer
Homeland Security Investigations

9/13/13
Date

3

## VERIFICATION

I, John J. Truex Chung, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Department of Homeland Security and that everything contained therein is true and correct to the best of my knowledge and belief.

Dated: September 17, 2013

John J. Truex Chung
Contract Attorney
Forfeiture Support Associates, LLC

## **MEMORANDUM**

| | |
|---|---|
| DATE: | September 17, 2013 |
| TO: | Paula M. Rigby / Julie Bedenbaugh<br>Department of Homeland Security<br>U.S. Customs & Border Protection |
| FROM: | Theresa Tepe<br>FSA Paralegal Specialist<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. $79,057.00 U.S. Currency**<br><br>Civil Action No.<br><br>**CATS ID No. 13-CBP-000297**<br>**Agency Case No. 2013-1303-000816-01** |

The United States has filed a forfeiture action against **$79,057.00 U.S. Currency.** A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.


Attachment

# Department of Homeland Security
*Federal Law Enforcement Agencies*
## PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER |
|---|---|
| DEFENDANT<br>$79,057.00 U.S. Currency | TYPE OF PROCESS<br>Verified Complaint in Rem |

| SERVE AT | Name Of Individual, Company, Corporation, Etc. to Serve or Description of Property to Seize<br>2013-1303-000816-01 / 13-CBP-000297 |
|---|---|
| | Address (Street or RFD / Apt. # / City, State, and Zip Code) |

| Send NOTICE OF SERVICE copy to Requester:<br><br>Theresa Tepe, FSA Paralegal Specialist<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland 21201 | Number Of Process To Be Served In This Case. | |
|---|---|---|
| | Number Of Parties To Be Served In This Case. | |
| | Check Box If Service Is On USA | |

SPECIAL INSTRUCTIONS or OTHER INFORMATION TO ASSIST IN EXPEDITING SERVICE (includes Business and Alternate Addresses, Phone Numbers, and Estimated Availability times.)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of [ X ]Plaintiff<br>*[signature]*    [ ]Defendant | Telephone No.<br>(410) 209-4800 | Date<br>Sep 17, 2013 |
|---|---|---|
| SIGNATURE OF PERSON ACCEPTING PROCESS: | | Date |

### SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY

| I acknowledge receipt for the Total # of Process Indicated. | District of Origin No. | District to Serve No | SIGNATURE OF AUTHORIZED TREASURY AGENCY OFFICER: | Date |
|---|---|---|---|---|

I hereby Certify and Return That I [ ] PERSONALLY SERVED, [ ] HAVE LEGAL EVIDENCE OF SERVICE, [ ] HAVE EXECUTED AS SHOWN IN "REMARKS", the Process Described on the Individual, Company, Corporation, Etc., At The Address Shown Above or at the Address Inserted Below.

[ ] I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC. NAMED ABOVE.

| NAME & TITLE of Individual Served If not shown above: | [ ] A Person of suitable age and discretion then residing in the defendant's usual place of abode. | |
|---|---|---|
| ADDRESS: (Complete only if different than shown above.) | Date of Service | Time of Service [ ] AM<br>[ ] PM |
| | Signature, Title and Treasury Agency | |

REMARKS:

TD F 90-22.48 (6/96)

*Make (5) copies after form is signed. SEND ORIGINAL + 4 COPIES to TREASURY AGENCY. Retain Copy #5 for your file.*